UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KMAAL M. LAWRENCE,

    Plaintiff,

v.

EDWARD BORLA, et al.,

    Defendants.

Case No. 25-cv-06137-TLT

**ORDER OF SERVICE, DENYING MOTION FOR PRELIMINARY INJUNTION**

Re: Dkt. No. 13

Plaintiff, a prisoner at Correctional Training Facility (CTF), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The complaint (Dkt. No. 5) is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the complaint is ordered served on defendants Borla and Macomber.[1]

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

---

[1] At least nine other cases raising similar or identical claims have been related to plaintiff's case. After the cases have been screened, the Court will consider a motion by defendants to set a bellwether case for the purpose of resolution of dispositive motions and, if necessary, trial.

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2    claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not
3    necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the
4    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
5    "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more
6    than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
7    do. . ... Factual allegations must be enough to raise a right to relief above the speculative level."
8    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must
9    proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part
10   of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an
11   arguable basis in either law or in fact.

12   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
13   that a right secured by the Constitution or laws of the United States was violated, and (2) that the
14   alleged violation was committed by a person acting under the color of state law. *See West v.*
15   *Atkins*, 487 U.S. 42, 48 (1988).

16   If a court dismisses a complaint for failure to state a claim, it should "freely give
17   leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to
18   deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant,
19   repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the
20   opposing party by virtue of allowance of the amendment, [and] futility of amendment."
21   *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

22   **B.    Plaintiff's Claims**

23   The complaint names the CTF Warden Edward Borla, the Secretary of the California
24   Department of Corrections and Rehabilitation (CDCR) Jefferey Macomber, and the California
25   Department of Corrections and Rehabilitation (CDCR) as defendants and alleges that defendants
26   have violated his Eighth Amendment rights by housing him in an unconstitutionally small double
27   cell with another prisoner since May 7, 2024. He alleges his cell has only 19 square feet of
28   unencumbered space, or only 9.5 square feet per prisoner, which violates CDCR's guidelines and

2

the Constitution. He alleges prisoners at CTF have been double-celled in certain North Yard buildings since 2011 although the rooms in these buildings were not built to be double cells.

Plaintiff seeks damages.

### C. Analysis

Defendant CDCR is dismissed as a defendant because it is an agency of the state and therefore has Eleventh Amendment immunity from suit for damages.

While the Constitution does not mandate comfortable prisons, it does require that prisoners have the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Id.* at 346 (internal quotation marks omitted). Liberally construed, plaintiff has stated an Eighth Amendment claim against defendants Borla and Macomber for inadequate living space.

### D. Motion for Preliminary Injunction

Plaintiff has filed a "Motion for Preliminary Injunction to Preserve Status Quo Pending Trial." Dkt. No. 13. He says he has "already been met with retaliation as Officers have used and/or threatened to use disciplinary action to force the Plaintiff to be double-celled." He also says other prisoners who have filed the same suit have been threatened with prison transfer. The motion appears to be identical to motions filed in many of the cases related to Case No. 25-cv-02820-TLT and does not appear to contain any information specific to plaintiff himself.

A preliminary injunction is an "extraordinary remedy" that a court should award only when a party makes a "clear showing" that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 22–24 (2008). To prevail on a motion for a preliminary injunction, a plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *Id.* at 20. The irreparable injury must be both likely and immediate. *See id.* at 22; *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened

1  injury as a prerequisite to preliminary injunctive relief.").

2  Plaintiff has not met the standard for a preliminary injunction. He has not shown a likelihood of success, that irreparable harm is likely to occur if the injunction is not granted, that the balance of equities tips in his favor, or that an injunction would serve the public interest. He has not identified any irreparable harm that will happen to him if the injunction is not granted. As plaintiff's complaint implies that he is already in a double cell, threatening to force him to be double-celled does not constitute an adverse action that could comprise retaliation. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

In addition, a court only has jurisdiction to order injunctive relief against defendants in the lawsuit in front of it that relates to the claims in the lawsuit. The court has no jurisdiction over the unnamed officers whom plaintiff vaguely alleges have retaliated against him, and plaintiff has not alleged any involvement by the named defendants.

Plaintiff's motion for a preliminary injunction is therefore denied without prejudice.

## CONCLUSION

1. Plaintiff's motion for a preliminary injunction (Dkt. No. 13) is denied.

2. Defendant CDCR is dismissed.

3. Plaintiff has stated a cognizable Eighth Amendment claim against defendants Borla and Macomber.

4. The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

   a. Edward Borla, Warden of CTF

   b. Jefferey Macomber, Secretary of CDCR

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 5), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall

4

provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

1    the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice

2    so that plaintiff will have fair, timely, and adequate notice of what is required of him to oppose the

3    motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand

4    must be served concurrently with motion for summary judgment).  A motion to dismiss for failure

5    to exhaust available administrative remedies must be accompanied by a similar notice. However,

6    the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear

7    on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed

8    to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*,

9    747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119

10   (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the

11   Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as

12   an unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear on the face of

13   the complaint, defendants must produce evidence proving failure to exhaust in a motion for

14   summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable

15   to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule

16   56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the district

17   judge, rather than a jury, should determine the facts in a preliminary proceeding.  *Id.* at 1168.

18      If defendants are of the opinion that this case cannot be resolved by summary judgment,

19   they shall so inform the Court prior to the date the summary judgment motion is due. All papers

20   filed with the Court shall be promptly served on plaintiff.

21          b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

22   and served on defendants no later than **twenty-eight (28) days** after the date on which defendants'

23   motion is filed.

24          c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of

25   the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you

26   must do to oppose a motion for summary judgment.  Generally, summary judgment must be

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

1 granted when there is no genuine issue of material fact—that is, if there is no real dispute about
2 any fact that would affect the result of your case, the party who asked for summary judgment is
3 entitled to judgment as a matter of law, which will end your case.  When a party you are suing
4 makes a motion for summary judgment that is supported properly by declarations (or other sworn
5 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
6 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
7 as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
8 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
9 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
10 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
11 F.3d at 962-63.

12 Plaintiff also is advised that—in the rare event that defendants argue that the failure to
13 exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
14 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
15 prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
16 exhaust your available administrative remedies before coming to federal court.  Such evidence
17 may include: (1) declarations, which are statements signed under penalty of perjury by you or
18 others who have personal knowledge of relevant matters; (2) authenticated documents—
19 documents accompanied by a declaration showing where they came from and why they are
20 authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements
21 in your complaint insofar as they were made under penalty of perjury and they show that you have
22 personal knowledge of the matters state therein.  As mentioned above, in considering a motion to
23 dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment
24 motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed
25 issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

26 (The notices above do not excuse defendants' obligation to serve similar notices again
27 concurrently with motions to dismiss for failure to exhaust available administrative remedies and
28 motions for summary judgment.  *Woods*, 684 F.3d at 935.)

1         d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

8. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: December 3, 2025

                                                      TRINA L. THOMPSON
                                                      United States District Judge